IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV24-03-MU

| | |
|---|---|
| RAJPUTANA RIDLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| KEITH WHITENER; (FNU) EVANS; and ) | |
| DR. DAWKINS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint filed on March 5, 2009 pursuant to 42 U.S.C. § 1983 (Doc. No. 1.)

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed the instant Complaint against Defendants Whitener, Evans and Dawkins, employees of Alexander Correctional Institution, alleging deliberate indifference to his serious medical needs. Plaintiff contends that he has been suffering from "substantial and chronic back pains that has gravely affected his daily activities like the basic things: sleep, sit, walk and exercise." (Complaint at 3.) He states that he has been putting medical officials on notice of his pain and how such pain has affected his life by filing sick call complaints, requests forms and grievances. (See Exhibits 1 - 35 to Complaint.) In June 2008, after receiving an x-ray and Tylenol and Analeasic Balm for two weeks, Plaintiff was informed that medical could not do anything more about his back pain as his x-ray came back negative. (Complaint at 3.) Plaintiff contends that "even a layman would have recognized that there is a high probability that

1

plaintiff's back pains could be in connection with his other symptoms that's (sic) related to the numbers (sic) of blood diseases that can effect the vertebate (sic) as he was at the time currently being tested for and is still being tested for by medical and by outside specialists." (Id.) Plaintiff further contends that even if the x-ray was negative, "even a laymen (sic) would have recognized that there's a high probability that if the x-ray of plaintiff's back was negative that the next obvious and reasonable measures to take is to getting an MRI ... ." (Complaint at 4.) Plaintiff contends that he was seen by medical on November 2, 2008, December 14, 2008 and December 19, 2008 for his severe back pain and that he was not given any pain medication because he was told that the medical findings did not warrant pain medication. Plaintiff complains that on these occasions, he was not properly examined. Indeed, if he had been properly examined, medical staff would have found that the muscles in Plaintiff's back were very tight, as the Rheumatologist found within twenty seconds of examining Plaintiff. Plaintiff was diagnosed with Scleroderma in January 2009 and placed on pain medication. Shortly thereafter, Dr. Dawkins took Plaintiff off the medication. On February 10, 2009, Plaintiff was taken to Chapel Hill Clinic and seen by a Rheumatologist who explained that Plaintiff did not have Scleroderma but reported that Plaintiff had tight muscles in his back. On February 19, 2009, Dr. Dawkins diagnosed Plaintiff with muscle spasms in his back and prescribed Aleve.

As a result of the poor treatment he received, Plaintiff contends that Defendants did not provide an adequate medical care system and did not have competent medical staff to examine him. Further, the treatment he did receive amounted to deliberate indifference to his serious medical needs. By way of relief, Plaintiff asks that this Court enter a preliminary and permanent injunction ordering Defendants to provide Plaintiff with adequate medical care by placing

Plaintiff on reasonable pain medication and ordering an MRI of his back and to test immediately for thyroid and pituitary cancers and enter a judgment in his favor for nominal, compensatory and punitive damages.

## II. ANALYSIS

A prisoner makes out a claim under the Eighth Amendment if he can establish that prison medical staff was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment violation occurs only if the medical need is serious. Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). Additionally, prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to an inmates health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to him or which would be apparent to a reasonable person in his position. See Miltier, 896 F.2d at 852-53. However, a plaintiff must prove that defendant was aware of facts showing a substantial risk of harm and also drew the inference that a substantial risk of harm existed. See Johnson v. Quinones, 145 F.3d 164, 167-68 (4th Cir. 1998). Disagreements over the quality and extent of medical care do not state a claim for relief for deliberate indifference. Estell, 492 U.S. 97 (1976). Following Estelle, the Fourth Circuit expressly held that "[d]isagreements between an inmate and a physician over the inmates's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1984). To be actionable, an inmate's treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be

3

intolerable to fundamental fairness." <u>Miltier v. Beorn</u>, 896 F.2d 848, 851 (4th Cir. 1990). [1]
Additionally, simple negligence is not a constitutional deprivation. <u>Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-106 (1976).

Applying the above legal precedent to the facts of this case, there are no facts that support a finding that Defendants were deliberately indifferent to Plaintiff's medical needs. Furthermore, there are no facts that support a finding that Defendants did not provide an adequate medical care system to Plaintiff nor do the facts establish that Alexander Correctional did not have competent medical staff to examine Plaintiff. Indeed, the Court has reviewed Plaintiff's Complaint and his numerous exhibits and notes that Plaintiff attached approximately twenty-seven grievances to his Complaint regarding his medical care from September 17, 2008 to February 15, 2009. Responses to Plaintiff's grievances indicate that Plaintiff has had an x-ray, a CT scan and an MRI[2] and has been seen by Carolina Oncology, a Rheumatologist and other specialists during this period of time. This evidence suggests that Defendants are not indifferent to Plaintiff's medical needs. Clearly Plaintiff disagrees with the course of the treatment the medical staff at Alexander Correctional have provided to him, however, as stated above, disagreements between a physician and inmate over the inmate's medical care do not state a § 1983 claim unless exceptional circumstances are alleged. Plaintiff has not alleged exceptional circumstances. Therefore, his Complaint is dismissed for failure to state a claim upon which

---

[1] The Court notes that it is aware that some of Plaintiff's grievances concern his allegation that he is being sexually harassed by male officers. These allegations are the subject of another Complaint and will be addressed in the context of that case. (See 5:08cv99).

[2] While not completely clear to the Court, the MRI referenced in this Order may have been of his liver.

relief can be granted.

## III. CONCLUSION

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to state a claim for relief against any of the Defendants.

## IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1) Plaintiff's Complaint is Dismissed (Document No. 1)

2) Plaintiff's Motion for Preliminary Injunction is Denied as moot (Document No. 2).

**SO ORDERED.**

Signed: March 11, 2009

Graham C. Mullen
United States District Judge