IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV24-03-MU

| | |
|---|---|
| RAJPUTANA RIDLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| KEITH WHITENER, et al., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on "Plaintiff's Motion for Reconsideration" pursuant to FRCP Rule 59(e) filed March 25, 2009 (Document No. 9.) The Court notes that this is Plaintiff's second motion for reconsideration. The first was filed on March 20, 2009 (Doc. No. 7) and denied by Order dated March 23, 2009. (Doc. No. 8.) By the instant motion, Plaintiff once again asks this Court to reconsider the Order dismissing his Complaint for failure to state a claim for relief.

Plaintiff, Rajputana Ridley, commenced this 42 U.S.C. § 1983 action by filing a Complaint on March 5, 2009 (Document No. 1) against Defendants Whitener, Evans and Dawkins all employees of Alexander Correctional Institution. In his Complaint, Plaintiff alleged that Defendants have been indifferent to his serious medical needs. On March 11, 2009, after conducting an initial review of Plaintiff's Complaint, the Court dismissed Plaintiff's Complaint. (Doc. No. 4.)

By the instant motion, filed on March 25, 2009, Plaintiff moves asks this Court to

1

reconsider its previous Order.  Although Rule 59(e) does not provide any standard specifying when the grant of such a motion is appropriate, the Fourth Circuit has recognized three alternative grounds: (1) "'to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Clapper v. Chesapeake Conference of Seventh-Day Adventists, 166 F.3d 1208 (4th Cir. 1998) (unpublished decision) quoting Pacific Ins. Co. V. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

None of these avenues of relief is apposite here, since none arises naturally from the contentions made in Petitioner's motion.  Rather, by filing this Motion, Petitioner essentially seeks reconsideration of his Complaint because he disagrees with this Court's decision.  Plaintiff rehashes the allegations in his Complaint and insists that because his back still hurts, the Defendants failed to properly treat him despite having seen him for at least four sick call requests from November 2 through December 19, 2008.  However, as stated in this Court's Order dismissing the Complaint, disagreements over the quality and extent of medical care do not state a claim for relief for deliberate indifference.  Estelle v. Gamble, 492 U.S. 97 (1976).

The Court has read and considered Plaintiff's motion.  However, Plaintiff's motion is denied as the basis for this Court's dismissal still stands and Plaintiff has not asserted any new evidence or claims that would alter the analysis of that Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration  (Document No. 9) is **DENIED.**

**SO ORDERED**.

Signed: March 25, 2009

Graham C. Mullen
United States District Judge